AMELIA ROSE FLEMING v. CITY OF MINNEAPOLIS.[1]

June 25, 1926.

No. 25,490.

**Defendant entitled to directed verdict on question of negligence.**

1. Evidence examined and found to sustain the direction of a verdict for defendant, on account of a lack of proof of negligence on its part.

**Question of contributory negligence for jury.**

2. Evidence was sufficient to make a question for the jury as to contributory negligence of plaintiff.

Municipal Corporations, 28 Cyc. p. 1358 n. 47; p. 1359 n. 49; p. 1501 n. 22, 28; p. 1510 n. 71.

[1]Reported in 209 N. W. 902.

Action in the district court for Hennepin county to recover for personal injuries. The case was tried before Bardwell, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Smith & Callahan* and *William B. Movery,* for appellant.

*Neil M. Cronin,* City Attorney, and *John T. O'Donnell,* Assistant City Attorney, for respondent.

QUINN, J.

Action to recover for personal injuries which plaintiff sustained on September 18, 1924, as the result of slipping and falling on one of the public streets in the city of Minneapolis. At the close of plaintiff's testimony, the court directed a verdict in favor of the defendant upon the ground that the evidence failed to show negligence on the part of defendant and because it appeared that the plaintiff was guilty of contributory negligence. From an order denying her motion for a new trial, plaintiff appealed.

Plaintiff resided in an apartment facing to the north on Fourth street southeast in the middle of the block, between Ninth avenue on the east and Eighth avenue on the west in the city of Minneapolis. There was a double street car line along the center of Fourth street. The street was paved with creosote blocks. There was a concrete walk extending north from the apartment to the street. The regular stopping place of the street cars going downtown was immediately east of Ninth avenue on the north side of Fourth street.

Just before the noon hour of the day in question, a crew had sprayed Fourth street on the north side of the car tracks with petroleum oil, using one-tenth of a gallon to the square yard. Plaintiff left her apartment at about one o'clock to go downtown on the street car. She testified that she walked out to the curb, then diagonally toward Ninth avenue to the street car track; that she then noticed a substance on the street north of the street car track so she walked a few steps along the car track, then noticed some bare, high spots where the oil had run down; that the pavement

was quite rough there and she attempted to step on one of those spots to get across over to the curb because she could see a car coming and that, in stepping on one of those spots, her feet went from under her and that she did not know what happened after that.

"Q. Where were you when you noticed that there was some foreign substance on the street? A. I was just about half way across the street. I was in a hurry, and I just stepped over the curb and went to cross the street, and I noticed it, and I kind of walked a few steps on the car tracks, and then I noticed these spots, and I thought I would get up on to the curb. I [could] see a car coming. When I stepped on those [high spots] my feet went from under me."

Upon cross-examination, she testified that she walked down the car track a few feet on the first track, then on the second track a yard or more; that she did not step directly into the oil; that from where she stood she could see these spots and she thought a couple of steps would take her to the curb; that the spots appeared to be cedar blocks, kind of bulged up; that they looked a little drier than the other portions; that she took long steps; that when she stepped from one spot to the other she stepped over the oily substance; that she does not know whether she took two steps; that if she took one step she would be about half way from the north rail to the curb; that if she took two steps she would be pretty near the curb; that she fell into the oil, her head and shoulders toward the curb, and that the men helped her up; that her arm was broken. We are of the opinion that the evidence made a question for the jury as to plaintiff's contributory negligence.

It appears from the undisputed testimony that the pavement sloped from the street car track north to the curb; that the oil was heated to a temperature of from 150 to 200 degrees and sprayed upon the pavement at that temperature; that, at the time of the accident, the oil had run so that it was thicker near the curb. The evidence is conclusive that a very thin spray of oil was upon the pavement at the point of the accident; that the use of such oil for the treatment and preservation of the blocks was not unusual; that

it was the kind of oil commonly in use for such purpose in many of the larger cities throughout the country; that the manner of its application is well established and recognized by other cities in this latitude. We are unable to discover any evidence of negligence on the part of the city or its employes in the application of such treatment nor of the material used.

It may be true as testified to by plaintiff and others that the plaintiff's clothing was badly saturated with oil, but it is clear from the manner in which she fell that she was cast upon the pavement where the oil was much thicker than at the point where she slipped and fell. According to her own testimony the pavement was higher and drier there than at other portions and she says that she did not step into the oil where it was thicker. It was and is the duty of the city to exercise reasonable care to make and keep its streets and walks reasonably safe for persons traveling thereon. However, we find no evidence showing any want of care on the part of the city in connection with the treatment of the pavement at the point in question. For this reason we are of the opinion that the learned trial court was right in directing a verdict for the defendant upon the ground of a failure of the evidence to show negligence on its part.

Affirmed.